**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARVIN PERRYMAN, )<br>)<br>Defendant. ) | Criminal Action<br>No. 06-03093-01-CR-S-RED |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant has filed a Motion to Suppress Evidence in which he asserts that all evidence discovered and any statements made during the search of his residence on February 23, 2005, should be suppressed. The government has responded to that motion.

The matter was set for an evidentiary hearing, which was held before the undersigned on October 31, 2005. The defendant was present with counsel, Donald R. Cooley. The United States was represented by James J. Kelleher, Special Assistant United States Attorney.

Defendant contends that the search warrant was issued without the requisite probable cause.

The United States first called Officer Jimmy Andela of the Springfield Police Department. Officer Andela was familiar with defendant from a previous warrant, which he had executed at his house, on March 13, 2003. He recovered methamphetamine and marijuana in relation to that warrant. Officer Andela was the officer who applied for the search warrant of the premises at 3108 West Grand, Springfield, Missouri, on February 23, 2005. He testified that he

1

was familiar with the confidential informant and believed her to be reliable because she had introduced him to several people selling drugs. In those cases, several search warrants had been obtained, and charges were filed. The confidential informant advised him that contraband used to manufacture methamphetamine was delivered to defendant's residence within the last five days. To corroborate the information from the confidential informant, officers from the Springfield Police Department conducted surveillance on the house at 3108 West Grand, and initiated a trash rip for evidence of drug activity. That involved conducting surveillance on the house, observing the trash by the curb, and going through it for evidence of drug sales or other criminal activity. In this case, they searched two bags of trash for evidence of drug sales, and recovered marijuana seeds and stems in one of the trash bags. Officer Andela also found mail addressed to 3108 W. Grand in a trash bag. In addition to being familiar with the residence because of the prior search warrant, he also knew that defendant resided there. Further, he confirmed that he still resided there by checking with City Utilities. With this information, Officer Andela applied for a search warrant, which was reviewed by an assistant Greene County prosecutor. After review and approval, Judge Mark Powell signed the search warrant, which was executed on March 3, 2005. This was within 10 days of obtaining the search warrant. As a result of the search, marijuana and firearms were seized.

On cross examination, Officer Andela testified that the information he provided was in a two-page affidavit. He acknowledged that the information was not based on first-hand knowledge by the confidential informant, but was received by another person. He stated that, as part of the surveillance, he did drive the confidential informant by the residence. Officer Andela acknowledged that the only reference to marijuana in the affidavit was regarding the stems and

seeds found in the trash, although he did mention that he had previously executed a search warrant at that address. The officer admitted that there was nothing in the affidavit regarding the associate who provided the information, nor did he discuss that individual's trustworthiness with the informant. He did not get the individual's name and had not worked with the person. There was also nothing in the affidavit regarding when the associate provided this information to the confidential informant, and he does not know if he included anything about this in his report, but the date would have been in his notes. The officer agreed that he did not specify the address when he referred to the residence where the contraband was delivered, and the associate did not say anything about marijuana. He also agreed that there was no information regarding what contraband was delivered to defendant's residence.

As a result of the prior search warrant, the officer acknowledged that he did not recover methamphetamine from the residence, but rather, from someone who showed up there. He acknowledged that defendant was not there at the time. The charge filed against defendant as a result of that search warrant was a misdemeanor marijuana charge, which he believed was prosecuted.

Regarding the surveillance on the trash receptacle, Officer Andela stated that he watched the residence for a couple of hours during the five-day-period. He acknowledged that he did not see anything unusual regarding vehicles there, nor did he see anyone put anything in the trash receptacle. He agreed that there was nothing in the affidavit to suggest that the envelope was in the same trash bag as the marijuana stems and seeds. The affidavit also did not indicate whose name was on the envelope, rather there was just the address of 3108 West Grand on it.

3

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the confidential circumstances set forth in the affidavit, * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... concluding]' that probable cause existed." <u>Illinois v. Gates</u>, 462 U.S. 213 (1983), <u>quoting Jones v. United States</u>, 362 U.S. 257, 271 (1960); <u>United States v. Doty</u>, 714 F.2d 761, 763 (8th Cir. 1983).

It is defendant's contention that the affidavit does not state when the informant was given the information from the associate; when the associate assisted in delivering the contraband; what contraband was delivered; and how the associate knew it could be or was to be used to manufacture methamphetamine. He also contends that it gives no information to attest to the credibility, reliability, or veracity of the unidentified associate. Further, it is asserted that the property description for the residence does not mention a detached garage; that there is nothing in the affidavit to establish the credibility, reliability or past use information regarding the confidential informant; that the surveillance did not reveal any suspicious activities at the residence; and, regarding the prior search warrant, defendant was not present when the search occurred, no methamphetamine was found there, and the amount of marijuana recovered was a misdemeanor state offense. It is his position that the affidavit did not contain any factual information to provide a substantial basis for concluding that marijuana was then at the residence to be searched. He contends that the information regarding the prior search warrant from 2003 was stale, and that there is no information in the affidavit that states or suggests the existence of

4

any suspicious activity at the residence or by any of the residents in regard to the materials found in the trash container.

Having fully reviewed the record, the evidence adduced at the hearing, and applicable case law, the Court finds that the affidavit was adequate to support a determination of probable cause, despite defendant's assertions. The affidavit stated that Officer Andela had received information within the past five days from a reliable confidential informant, advising him that the informant was told by an associate that "the associate had assisted in delivering contraband to the residence that was to be used to manufacture methamphetamine. The CI advised that the subject told him/her that the contraband was delivered to the detached garage, which is immediately south of the residence." [Affidavit of Officer Andela, p. 1]. Officer Andela also indicated that, within the past five days, he had conducted surveillance on the residence, and that he saw a dark-colored trash receptacle on the Grand side of the house. The officer stated he removed two bags of abandoned trash from the receptacle, and after processing it at headquarters, found "numerous marijuana stems and seeds, and a pack of Zig Zag smoking papers in the bottom of a plastic cup. I also located an envelope that was addressed to 3108 W. Grand." [Affidavit, p. 2]. The officer stated that a marijuana stem tested positive for marijuana. Officer Andela further stated that he was familiar with this residence and with the residents, Marvin Perryman and Jennifer Owens, because he had served a search warrant for marijuana there on March 13, 2003. The recovery at that time of methamphetamine and marijuana led to cases being presented on defendant Perryman and another individual, William Vendeweerd, who was also present. Officer Andela indicated that he checked the City Utilities account on 3108 W. Grand, which checked to defendant and Ms. Owens.

Based on testimony adduced at the hearing, the Court finds, initially, that Officer Andela credibly testified regarding his preparation of the affidavit. There is nothing to suggest that the information included in the affidavit was inadequate or was made with reckless disregard for the truth. Further, the law is clear that the evidence of marijuana stems and seeds, recovered during surveillance of trash at a defendant's residence, is "independently adequate to establish probable cause." United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003). In this case, the marijuana stems and seeds, recovered within five days prior to the application for the search warrant, served as corroborating evidence to establish probable cause. The officer also had the additional information from the confidential informant, whom he testified had provided reliable information in the past, which had lead to search warrants being executed and charges being filed. He received the information within the five days prior to preparing the affidavit. Officer Andela stated at the hearing that, after he acquired this information, he drove the confidential informant by defendant's residence. Additionally, he was familiar both with the residence and with defendant, having executed a search warrant there in 2003, which led to misdemeanor charges for marijuana possession against defendant. The information from the confidential informant indicated that the associate had delivered contraband to be used in the manufacture of methamphetamine to defendant's residence, and provided a specific location where it had been delivered. It is true that the information from the confidential informant was second-hand, and that the prior search warrant had been executed two years earlier. In this case, however, the confidential informant had previously been proven reliable with this officer, the officer confirmed the address with the confidential informant, he conducted personal surveillance within the five-day-period before he sought a search warrant, an envelope tied the

6

trash to the residence, marijuana stems and seeds, the same contraband for which defendant had previously been arrested, was found in the trash, and the officer confirmed that defendant still resided at the residence.  Based on the totality of the circumstances, the Court find that, based on a common-sense reading of the affidavit, there was a sufficient basis to establish probable cause for the issuance of the search warrant.

Even assuming, however, that the warrant in this case was not based on probable cause and found to be defective, the Court finds that the good faith exception enunciated in United States v. Leon, 468 U.S. 897, 922-23 (1984), would apply.  It is clear that Officer Andela relied in good faith on what he believed to be a valid search warrant, which was reviewed and signed by a neutral magistrate.  There is nothing to suggest that the affidavit was so lacking in indicia of probable cause that the Leon good faith exception should not apply.

Therefore, it will be recommended that the motion to suppress evidence be denied.

Based on the testimony adduced at the hearing, and applicable case law, the Court finds that it should be recommended that defendant's Motion to Suppress be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress be denied.

     /s/ James C. England
     JAMES C. ENGLAND, CHIEF
     United States Magistrate Judge

Date: 11/15/06

7

Case 6:06-cr-03093-BCW   Document 30   Filed 11/15/06   Page 7 of 7