# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 06-3093-01-CR-S-RED |
| ) | |
| **MARVIN PERRYMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Now before the Court is the Report and Recommendation of the United States Magistrate Judge (#30) on defendant's Motion to Suppress (#23) and the Supplemental Report and Recommendation of the United States Magistrate Judge (#43) issued in response to defendant's Second Motion to Suppress (#33). After careful consideration, the Court **ADOPTS** the Magistrate's Report and Recommendation and Supplemental Report and Recommendation and **DENIES** defendant's motions.

## BACKGROUND

On February 23, 2005, a state court judge issued a search warrant authorizing the Springfield Police to search defendant's residence. In support of the warrant, a Springfield Police officer testified that he found marijuana seeds and stems along with rolling papers in defendant's trash outside his house. The officer verified that the stems and seeds were marijuana by conducting a NARTEC on the stems that indicated that the stems contained THC. The warrant was also supported by statements from a confidential informant and by other evidence.

The police executed the warrant on March 3, 2005, and found marijuana and three guns in defendant's residence. Defendant was charged with being a felon in possession of a gun and drugs,

and he pled not guilty on July 18, 2006. Defendant now claims that the evidence seized during the search should be suppressed because the warrant was not supported by probable cause.

## DISCUSSION

On motions to suppress, the Court reviews the magistrate's report and recommendation de novo and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b). The Court's review must include de novo review of the magistrate's findings of fact, including any credibility determinations. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

"[M]arijuana seeds and stems in [defendant's] garbage [are] sufficient *stand-alone* evidence to establish probable cause." *U.S. v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003) (emphasis in original). The *Briscoe* court ruled that probable cause existed on evidence almost identical to the evidence at issue here. In *Briscoe* "police searched the garbage left outside Briscoe's residence and found forty marijuana seeds and *twenty-five marijuana stems that tested positive for tetrahydrocannabinol*." *Id.* at 907. In this case, police also found seeds and stems in defendant's garbage, along with rolling papers. The police tested the stems, and they tested positive for THC.

Defendant's expert claims that marijuana stems do not contain THC, but the government claims that they do. The government also introduced a DVD showing a situation where marijuana stems tested positive for THC with the NARTEC test. Regardless, the *Briscoe* court is clear that probable cause exists when when marijuana stems in defendant's garbage *test positive* for THC. It is uncontested that the marijuana stems in this case tested positive for THC. The only dispute relates to whether marijuana stems can accurately be tested for THC.

Moreover, even if the testing is flawed, because there is a difference of scientific opinion on

2

testing marijuana stems and because the Springfield police department has tested marijuana stems for THC on many occasions, the officers executing the warrant reasonably believed that the warrant was supported by probable cause. If the warrant was not supported by probable cause, the good faith exception to the exclusionary rule applies pursuant to *U.S. v. Leon*, 468 U.S. 897 (1984).

## CONCLUSION

For these reasons and the reasons stated by the Magistrate, the Court **ADOPTS** the Magistrate's Report and Recommendation (#30) and Supplemental Report and Recommendation (#43) and **DENIES** defendant's motions to suppress (#23 and #33).

**IT IS SO ORDERED.**

DATE: March 9, 2007         */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT